**RICHARDS, LAYTON & FINGER**

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

RUSSELL C SILBERGLIED
DIRECTOR

DIRECT DIAL NUMBER
302-651-7545
SILBERGLIED@RLF.COM

December 21, 2007

**VIA HAND DELIVERY**

The Honorable Joseph J. Farnan
United States District Court Judge
J. Caleb Boggs Federal Building
844 North King Street, Room 4124
Lock Box 27
Wilmington, Delaware 19801

    Re:  OHC Liquidation Trust v. Credit Suisse, et al. (In re Oakwood Homes Corp.) (1:07-cv-00799-JJF)

Dear Judge Farnan:

    We represent the defendants ("Defendants" or "Credit Suisse") in the OHC Liquidation Trust v. Credit Suisse, et al. adversary proceeding (the "Adversary Proceeding") recently assigned to this Court under the above referenced civil case number. We write in response to Plaintiff's letter to the Court of yesterday. Given the long and developed history of this case, we suggest that it would be helpful for the Court to schedule a status conference as soon as convenient so that the parties can apprise the Court of their positions on the various outstanding issues and formulate a sensible procedure for moving forward.

    While the Plaintiffs assert that the matter is "now ready to proceed to trial," they do not point out that the case was "trial-ready" in a different context - a bench trial in the Bankruptcy Court. It was only literally on the eve of that trial (a trial date requested by the Plaintiffs) that the Plaintiffs asserted their desire for a jury trial and the need to withdraw the reference from the Bankruptcy Court. Before the case can be ready for trial in this Court, the Court first will need to consider the question of whether a jury trial is appropriate (which question is raised both by the Motion to Withdraw the Reference and Plaintiff's Appeal from the Bankruptcy Court's decision). This is so for two reasons. First, if the Court determines that the case should *not* be tried to a jury, Plaintiff advances no reason why the automatic reference should be withdrawn. Second, from a practical standpoint, obviously the Court needs to understand what kind of trial, bench or jury, it would conduct. Thus, scheduling a trial now makes little sense.

    Should the Court conclude that the case should be tried to a jury, and that withdrawal of the reference is necessary, certain other matters will need to be considered. For example, as the case proceeded toward the trial date Plaintiffs sought in the Plaintiff's chosen forum of the

RLF1-3237825-1

The Honorable Joseph J. Farnan
December 21, 2007
Page 2

Bankruptcy Court, Defendants, who obviously understood that the Delaware Bankruptcy Court cannot conduct a jury trial, elected not to move for summary judgment. We would expect to make such a motion prior to a jury trial. Similarly, in anticipation of a trial to the Bankruptcy Court, Defendants did not intend to produce expert evidence on matters with which the Bankruptcy Judge would have been familiar, such as the duties of a troubled company's bankers. We would, of course, expect to offer such evidence if the matter were tried to a jury.

Given the procedural complexity of the matter as it presently stands, with three motions currently outstanding, two before this Court and one before the Bankruptcy Court, Credit Suisse respectfully suggests that a status conference would be helpful.

Very truly yours,

Russell C. Silberglied

RCS/lam
cc:     VIA ELECTRONIC MAIL
        R. Paul Wickes
        Mary K. Warren
        Michael J. Osnato, Jr.
        J. Justin Williamson
        Marla Rosoff Eskin, Esq.
        Tony Castanares, Esq.
        Stephan M. Ray, Esq.
        Scott H. Yun, Esq.
        Whitman L. Holt, Esq.

RLF1-3237825-1