800 N. King Street
Suite 300
Wilmington, DE 19801
Telephone: 302-426-1900
Facsimile: 302-426-9947

Marla R. Eskin •meskin@camlev.com

# Campbell & Levine, LLC
Attorneys at Law

January 16, 2008

**VIA HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street
Room 4124
Lockbox 27
Wilmington, Delaware 19801

    Re:    ***OHC Liquidation Trust v. Credit Suisse, et al. (In re Oakwood Homes Corp.),***
            **Adversary Proceeding No. 04-57060 (PJW); Civil Case No. 07-cv-00799-JJF.**

Dear Judge Farnan:

      While our experience suggests that a campaign of *ex parte* letters is rarely fruitful for courts or parties to litigation, we nevertheless feel compelled to write again in order to address several fundamental problems with the letter sent to this Court on January 15, 2008 by the Defendants in the above-referenced proceedings [Civil Docket No. 20], as well as with Defendants' simultaneous request for oral argument [Civil Docket No. 21].

      First, we strongly disagree with Defendants' suggestion that Judge Walsh's recent ruling regarding the "core" status of the above-referenced adversary proceeding bears on the two motions before the Court, or otherwise eliminates some barrier to this Court's consideration of Plaintiff's pending motion to withdraw the reference [Civil Docket No. 1]. After all, Defendants have already "acknowledge[d] that ***if a jury trial right exists, withdrawal of the reference would be necessary***" [Civil Docket No. 2 at p. 9 (emphasis added)]. Thus, because a proceeding's status as "core" or "non-core" principally relates to the scope of a bankruptcy court's adjudicative authority and has little bearing on whether a party to that proceeding retains its Seventh Amendment jury rights, the existence of those rights should be analyzed apart from the core/non-core issue.[1] And, because the existence of those jury rights is the outcome-dispositive issue here,

---

[1]   See, e.g., *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 60-61 (1989); *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1326-27 (2d Cir. 1993); *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 120 (N.D. Tex. 2006); *Hays v. Equitex, Inc. (In re RDM Sports Group)*, 260 B.R. 915, 919 (Bankr. N.D. Ga. 2001).

as Defendants properly concede, the core/non-core analysis can fall by the wayside. *See, e.g., Official Comm. of Unsecured Creditors of Air Enters. v. Gaffney*, No. 06-113, 2007 U.S. Dist. LEXIS 3418, at *7-8 (N.D. Ohio Jan. 17, 2007).[2]

Second, we note that Defendants' recent request for oral argument fails to comply with Local District Rule 7.1.4., which clearly provides that "[a]n application for oral argument shall be in writing and ***shall be made no later than 3 days after service of a reply brief***" (emphasis added). Plaintiff's reply brief in support of its motion to withdraw the reference [Civil Docket No. 5] was filed and served on December 10, 2007. As such, Defendants' request for oral argument is ***over a month late***, in flagrant violation of the straightforward schedule provided in the Local Rules.

Third, while Plaintiff will, of course, attend any proceeding desired by the Court, we continue to believe that a status conference, oral argument, or other live proceeding is unnecessary at this point, and will be far more productive after the Court has considered and ruled on the two pending motions[3] – which motions have, together, provided well over 120 pages of briefing in which both sides had ample opportunity to fully develop their respective positions.

It is unclear precisely what Defendants believe would be accomplished at a status conference at this juncture, particularly with respect to "potential further proceedings" that are relevant only ***after*** the Court actually withdraws the reference, but what Defendants seem to want is an opportunity to defend their unprecedented request to hit the "reset button" and reopen expert discovery and dispositive motion practice. We continue to believe that such a request is inappropriate and unsupportable, for the reasons we have already briefed [*see* Civil Docket No. 5 at pp. 17-20]. Indeed, Defendants offer no new reason to give them an opportunity to argue, without making the showing that would be required if they actually moved for such relief, that they should be rewarded for forming a secret interpretation of all previous scheduling orders – namely that the deadlines for designating expert witnesses, for expert discovery, and for dispositive motions would not apply if Judge Walsh affirmed Plaintiff's jury rights (as to which Defendants never moved to strike) – and thereby reopen each of those dates and set this case back substantially, all to the prejudice of Plaintiff's bankruptcy estate (which is ready to close but

---

[2] Because of this conclusion, which Plaintiff noted in its initial motion [*see* Civil Docket No. 1 at p. 1 n.1], Plaintiff requested that Judge Walsh deem the requirements of Local Bankruptcy Rule 5011-1 satisfied without extensive briefing [*see* Adv. Proc. Docket No. 211]. Via a letter ruling dated December 10, 2007, Judge Walsh informed the parties of his concern that the issue ***might*** be relevant in the event that Defendants' would-be interlocutory appeal is successful [*see* Adv. Proc. Docket No. 223], which prompted briefing and the recent ruling.

[3] Those two motions consist of Plaintiff's motion to withdraw the reference and Defendants' motion for leave to take an interlocutory appeal of Judge Walsh's determination that Plaintiff is entitled to a jury trial on some of its claims (the latter motion has been briefed separately as Civil Case No. 07-mc-00215-JJF). We believe that the law is clear on both motions, and is set forth in the parties' briefs. Beyond the briefs themselves, Judge Walsh's scholarly opinion further develops the reasoning that led him to conclude that a jury right exists (we note for the Court's convenience that the jury decision was recently formally reported at 378 B.R. 59).

{D0101167.1 }

for this litigation).

Ultimately, if oral argument on the pending motions would be useful to the Court and advance the legal analysis beyond that already briefed, Plaintiff will happily attend. As to a status conference, however, we remain concerned that it would only address conjectural matters at this time, dependent on the outcome of the motions themselves. Because Plaintiff desires to try this case on the merits before the jury to which it has a constitutional right in a timely fashion, Plaintiff wishes to avoid any effort on Defendants' part to delay or complicate the case further. Plaintiff therefore respectfully reaffirms its request that the Court set in motion appropriate pre-trial and trial-scheduling procedures, including such status conferences as the Court desires, as soon as is convenient to the Court *following* the Court's ruling on the two pending motions.

Out of respect for the Court's limited time and judicial resources, we hope that there will be no need for further letter correspondence regarding the pending motions, Judge Walsh's recent ruling, or Defendants' request for a status conference. For our part, we will follow the Court's learned guidance as to what further proceedings, if any, are appropriate, and will await the Court's ruling on the pending motions.

Respectfully submitted,

*Kathy S. Keller, for MRE*

Marla Rosoff Eskin

cc:   VIA ELECTRONIC MAIL
      Tony Castañares, Stutman, Treister & Glatt P.C.
      Stephan M. Ray, Stutman, Treister & Glatt P.C.
      Scott H. Yun, Stutman, Treister & Glatt P.C.
      Whitman L. Holt, Stutman, Treister & Glatt P.C.
      Russell C. Silberglied, Richards, Layton & Finger, P.A.
      R. Paul Wickes, Linklaters LLP
      Mary K. Warren, Linklaters LLP
      Michael J. Osnato, Jr., Linklaters LLP
      J. Justin Williamson, Linklaters LLP

{D0101167.1}