800 N. King Street
Suite 300
Wilmington, DE 19801
Telephone: 302-426-1900
Facsimile: 302-426-9947

**Marla R. Eskin** •meskin@camlev.com

# Campbell & Levine, LLC
Attorneys at Law

January 29, 2008

**VIA HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street
Room 4124
Lockbox 27
Wilmington, Delaware 19801

      Re:   *OHC Liquidation Trust v. Credit Suisse, et al. (In re Oakwood Homes Corp.)*, Civil Case No. 07-cv-00799-JJF.

Dear Judge Farnan:

      During the status conference held on January 22, 2008, the Court inquired of Mr. Castañares, who was arguing for Plaintiff, about the existence of any agreement that may have waived Plaintiff's constitutional right to a jury trial. Mr. Castañares replied that a certain loan agreement covering one aspect of the parties' relationship, which was signed by fewer than all Debtors and fewer than all Defendants, contained a purported jury waiver. The Court quickly dismissed the relevance of that document orally, presumably because the Court was familiar with Judge Walsh's scholarly opinion determining that a jury trial right exists here, which opinion specifically dealt with that contractual waiver and rejected its applicability on three *separate* grounds (any one of which would be sufficient to defeat the contractual waiver argument made in Defendants' letter of January 28, 2008). *See OHC Liquidation Trust v. Credit Suisse (In re Oakwood Homes Corp.)*, 378 B.R. 59, 70-73 (Bankr. D. Del. 2007).

      The parties then received the Court's Order of January 23, 2008 [Civil Docket No. 24], which stated: "If the parties agree to a bench trial," the parties were to advise the Court by letter no later than today. That same paragraph of the Order concluded: "Otherwise, a Jury Trial will commence on Tuesday, June 17, 2008 at 9:30 a.m." As we clearly informed the Court at the status conference, Plaintiff desires the jury trial to which it has a Seventh Amendment right, and does not agree to a bench trial.

      Under the circumstances, we did not interpret the January 23 Order as inviting the rebriefing of arguments that have at least twice been measured and found wanting, or, for that

{D0105521.1}

matter, another flight of *ex parte* letters to the Court. Defendants evidently interpreted the Court's Order differently. We respectfully request that the Court reject these renewed efforts.

We confine our response to pointing out that Defendants are simply attempting to get a ***third bite*** at the jury trial apple. Before Judge Walsh, Defendants never moved to strike Plaintiff's jury demand. Consequently, in accordance with procedures established by the Delaware case law (the Bankruptcy Code, Bankruptcy Rules, FRCP, and Local Rules being silent on the issue), Plaintiff promptly moved to withdraw the bankruptcy reference when this adversary proceeding actually became "trial ready."

Judge Walsh, in accordance with other case law, determined that this was a two-step process, and that he should undertake the first step, namely deciding the threshold issue of whether Plaintiff is entitled to a jury trial. If so, Plaintiff would move the District Court for withdrawal of reference based on Judge Walsh's jury determination, which is exactly what occurred. The parties fully briefed all the relevant issues, including Defendants' assertion of a contractual jury waiver, which they now present again to this Court. Defendants had a full and fair opportunity to make every argument they attempt to repackage now, and they in fact did so.

But Judge Walsh decided these issues against Defendants in his thorough opinion of November 15, 2007. Assessing the contractual waiver arguments Defendants then made and now make again, Judge Walsh rejected them on three separate grounds. First, neither all Debtors nor all Defendants were signatories. *See* 378 B.R. at 71-72. More specifically, Judge Walsh found that only two of the fifteen Debtors (all of whose estates are administered by the Plaintiff liquidation trust) were signatories. As to the Defendant signatories, he found that the lending-contracting entity, "Credit Suisse First Boston, New York Branch," was not a named Defendant,[1] and that the party which is the main target of the jury claims, n/k/a Credit Suisse Securities (USA), LLC, was not a party to the waiver agreement, so it would have no standing to enforce that waiver even if Plaintiff were bound. The second ground for Judge Walsh's rejection of Defendants' contractual waiver argument was that this action involves the assertion of the breach of far broader duties than contained in the lending agreement, either "directly or indirectly."[2] *See id.* at 72. And the third ground was that, to assert the waiver, Defendants had the ***factual*** burden of demonstrating the non-existence of a gross disparity of bargaining power between the parties. *See id.* at 72-73. Not only had Defendants failed to proffer any such evidence (a failure which continues today), but Judge Walsh also pointed to the existence of strong evidence that Oakwood had been in a severely disadvantaged bargaining position. Judge Walsh ultimately concluded by

---

[1] Although it has always been within Defendants' power to respond to this factual finding forthrightly, Defendants have declined to do so in favor of gamesmanship on the issue, and it may be noted that Defendants' letter to this Court does not attempt to be forthright about it either. At some point, Defendants need to adopt a consistent position about whether "Credit Suisse First Boston, New York Branch" is or is not a party to this action.

[2] In this letter, we will not rebut Defendants' efforts to recharacterize Plaintiff's case to meet Defendants' convenience. Rather, it will suffice to say that every claim on which Plaintiff is entitled to a jury trial would be equally viable if the lending relationship giving rise to the purported jury waiver had been with an entirely different lender.

{D0105521.1}

reaffirming the fundamental legal precept that emerges from the controlling case law: any ambiguity must be construed *against* the purported waiver. *See id.* at 72.

The first and third of Judge Walsh's reasons for rejecting the purported contractual waiver are factual findings. Defendants have never offered anything to rebut those findings, and they do not do so now.

After Judge Walsh issued his opinion, Plaintiff promptly moved for withdrawal of the reference on the sole ground of its determined right to jury trial. Both parties fully briefed this motion to this Court. In the process, Defendants admitted that if a jury trial right exists, then the reference had to be withdrawn, and opposed Plaintiff's motion on the *sole* ground that there was no jury trial right. (*See* Civil Docket No. 2 at p. 9.) As we pointed out in our Reply Brief, however, Defendants totally ignored Judge Walsh's decision and briefed the issues just as if Judge Walsh had never decided them at all. (*See* Civil Docket No. 5 at pp. 4-9.) Thus Defendants in effect made every argument about the contractual waiver they had made before, thereby taking their second bite at the jury trial apple.

But this Court granted Plaintiff's motion to withdraw the reference orally on January 22 and in writing on January 23, thus necessarily rejecting Defendants' repeated claims that no jury trial right exists (and implied suggestion that Judge Walsh's opinion is wrong).

Now Defendants attempt to make the *very same* threadbare arguments a third time. Once again, Defendants choose simply to ignore Judge Walsh's lengthy opinion on the subject, just as if it never existed. But this Court never invited the parties to attempt to reargue matters that have already been fully decided, let alone decided twice. Nor should the Court now countenance Defendants' freshest attempt to mount an improper collateral attack on Judge Walsh's jury opinion via some new, putative "motion to strike."[3] There is no need for new (yet utterly superfluous) motion practice regarding Plaintiff's jury rights *vel non* because all the issues have long since been resolved. We were hopeful that Defendants would grasp this fact after last week's status conference, but it unfortunately appears that further clarification is in order.

Put simply, it is plain that the stipulation described in paragraph 2 of the Court's Order of January 23, 2008 has not occurred, and by the unambiguous language of that paragraph, a jury trial should therefore be held on the Court's current schedule. We respectfully request that the Court reject Defendants' attempt to relitigate issues as to which they have already enjoyed two full and fair opportunities to present their positions, all of which have been rejected by both courts that considered them.

Respectfully submitted,

*/s/ Marla Rosoff Eskin*
Marla Rosoff Eskin

---

[3] *See, e.g., Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995); *Lindsey v. Ipock*, 732 F.2d 619, 622 (8th Cir. 1984); *In re White Farm Equip. Co.*, 38 B.R. 718, 722-23 (N.D. Ohio 1984).

{D0105521.1 }

cc:    VIA ELECTRONIC MAIL
    Tony Castañares, Esq., Stutman, Treister & Glatt P.C.
    Stephan M. Ray, Esq., Stutman, Treister & Glatt P.C.
    Scott H. Yun, Esq., Stutman, Treister & Glatt P.C.
    Whitman L. Holt, Esq., Stutman, Treister & Glatt P.C.
    Jeff Fleiss, Paralegal, Stutman, Treister & Glatt P.C.
    Russell C. Silberglied, Esq., Richards, Layton & Finger, P.A.
    R. Paul Wickes, Esq., Linklaters LLP
    Mary K. Warren, Esq., Linklaters LLP
    Michael J. Osnato, Jr., Esq., Linklaters LLP
    J. Justin Williamson, Esq., Linklaters LLP