800 N. King Street
Suite 300
Wilmington, DE 19801
Telephone: 302-426-1900
Facsimile: 302-426-9947

Marla R. Eskin •meskin@camlev.com

# Campbell & Levine, LLC
Attorneys at Law

February 7, 2008

**VIA HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street
Room 4124
Lockbox 27
Wilmington, Delaware 19801

      Re:   *OHC Liquidation Trust v. Credit Suisse, et al. (In re Oakwood Homes Corp.)*,
            Civil Case No. 07-cv-00799-JJF.

Dear Judge Farnan:

      We write to respectfully request some clarification and guidance from the Court regarding the "Motion to Strike Plaintiff's Jury Demand" ("**Motion**") and related voluminous pleadings filed yesterday by the Defendants in the above-referenced civil case [Civil D.I. Nos. 29-32], with the hope that such guidance will save substantial time and expense for both parties and the Court.

      First, we believe the Order entered by the Court on January 23, 2008 [Civil D.I. No. 24] already disposes of the Motion. Based upon the Order's (i) recital that "the Court considered Plaintiff's request for a jury trial" and (ii) provision that, absent a written stipulation by both sides, "a Jury Trial will commence" on June 17, we understood that the Court had already considered and rejected Defendants' arguments against Plaintiff's jury rights. Moreover, since our motion to withdraw [Civil D.I. No. 1] was specifically and principally based on Plaintiff's rights to a jury trial, and Defendants raised all the same arguments in their opposition to withdrawal [*see* Civil D.I. No. 2], the Order granting our initial motion and withdrawing the reference effectively disposes of Defendants' latest Motion.

      Second, the memorandum of law Defendants filed yesterday raises the very same arguments that they have made at least ***three*** prior times in this case; ***no*** new issues of law or fact are contained in yesterday's pleading. The first time Defendants raised these arguments was before Judge Walsh, and he rejected all Defendants' arguments in a lengthy opinion published at 378 B.R. 59 (which essentially goes ignored by Defendants' newest Motion). The second time

{D0105947.1 }

was in connection with Defendants' request for leave to take an interlocutory appeal from Judge Walsh's ruling, which motion is still open and pending as Civil Case No. 07-mc-00215-JJF.[1] The third time was, as noted above, in opposition to Plaintiff's motion to withdraw the reference.[2] We submit that a *fourth* round of nearly-identical briefing is unnecessary. Indeed, to the extent that the Court is willing to consider the issue any further, the Court could effectively resolve every issue raised in Defendants' newest Motion simply by analyzing Judge Walsh's opinion and the various pleadings already filed with the Court. As a result, the Motion and related material add absolutely nothing that has not already been presented before, but rather represent an obvious attempt to take a fourth bite at the same apple.

We are, of course, prepared to provide additional briefing regarding any matter of procedure or substance that would assist the Court's final resolution of the jury issue. Toward that end, however, guidance about the precise scope and timing of briefing desired by the Court (if any) would be incredibly helpful. In the event that a short telephonic conference or similar proceeding would be more effective than an written order to clarify the Court's wishes, we will make ourselves available at the Court's convenience.

Respectfully submitted,

Marla Rosoff Eskin, Esq.

cc:   VIA ELECTRONIC MAIL
   Tony Castañares, Stutman, Treister & Glatt P.C.
   Stephan M. Ray, Stutman, Treister & Glatt P.C.
   Scott H. Yun, Stutman, Treister & Glatt P.C.
   Whitman L. Holt, Stutman, Treister & Glatt P.C.
   Russell C. Silberglied, Richards, Layton & Finger, P.A.
   R. Paul Wickes, Linklaters LLP

---

[1] In the event that the Court has not already independently considered Plaintiff's jury rights as part of the motion to withdraw the reference and is willing to possibly reconsider Judge Walsh's ruling, we believe that the procedurally appropriate step would be for the Court to analyze whether Credit Suisse has satisfied the four required conditions for an interlocutory appeal (which the parties have fully briefed in Civil Case No. 07-mc-00215-JJF), and then rule on Defendants' motion for leave, which Defendants have apparently tried to sidestep by filing this latest Motion.

[2] Indeed, we note that every document that Defendants filed yesterday has already been submitted to this Court during the briefing of Plaintiff's original motion to withdraw the reference. In fact, paragraph 13 of the declaration filed in support of yesterday's Motion [Civil D.I. No. 32] still erroneously refers to "Defendants' Opposition to Plaintiff's Motion to Withdraw the Reference." The refiling of the exact same materials only creates unnecessary paper for the desks of both the Court and counsel, and graphically demonstrates our point that the subject of this Motion has already been presented and determined multiple times.

Mary K. Warren, Linklaters LLP
Michael J. Osnato, Jr., Linklaters LLP
J. Justin Williamson, Linklaters LLP