RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

LEE E. KAUFMAN

DIRECT DIAL NUMBER
302-651-7582
KAUFMAN@RLF.COM

February 8, 2008

The Honorable Joseph J. Farnan, Jr.
United States District Court Judge
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124
Lock Box 27
Wilmington, DE 19801

Re: **OHC Liquidation Trust v. Credit Suisse, et al.,**
    **Adv. Proc. No. 04-57060 (PJW) / Civil Action No. 07-799 (JJF)**

Dear Judge Farnan,

Defendants respectfully submit that Plaintiff's letter to Your Honor in response to Defendants' Motion to Strike Plaintiff's Jury Trial Demand (the "Motion") was procedurally defective and inappropriate. Defendants are, however, compelled to respond to Plaintiff's February 7 letter to the extent it suggests Plaintiff's jury trial right in this action has been resolved through the Court's January 23 Order or Judge Walsh's decision in the Bankruptcy Court.

As an initial matter, Defendants are plainly entitled to make the Motion and Plaintiff is entitled to oppose it. Pursuant to the Court's standing order concerning non-dispositive motions in non-patent cases, a briefing process and hearing date are established. Whatever arguments Plaintiff may have in opposition should be made through that process, not through letters seeking "guidance" from the Court.

To address the arguments set forth in Plaintiff's February 7, 2008 letter, this Court's January 23 Order withdrew the reference of this Adversary Proceeding to the Bankruptcy Court on the basis of judicial economy. Plaintiff's presumption that the Court has considered and ruled on its supposed entitlement to a jury trial is unsupported. Indeed, during the January 22 status conference, the Court expressly noted that it had not had the opportunity to review all of the papers submitted in connection with the motion to withdraw the reference. Accordingly, any suggestion by the Plaintiff that the Court has specifically considered or ruled on Plaintiff's alleged jury trial rights is wrong.

RLF1-3252147-1

The Honorable Joseph J. Farnan, Jr.
February 8, 2008
Page 2

      As explained in Defendants' Motion, Judge Walsh's Decision and Order concerning jury trial rights is in no way binding on this Court. As a non-Article III court, which has not been granted authority over jury trials and matters related thereto by this Court, the Bankruptcy Court cannot be the final arbiter of whether a party has a right to a jury trial. Moreover, because this Court maintains original jurisdiction over Chapter 11 and related cases, this Court has the inherent power to revisit *de novo* any interlocutory order by the Bankruptcy Court. Against this backdrop, Defendants' Motion is both necessary and appropriate.

      Defendants respectfully suggest that further discussion of these issues should be made in the context of formal motion and briefing practice consistent with the Court's standing order regarding non-dispositive motions in non-patent cases. Of course, should the Court have any questions or concerns regarding the foregoing or anything else related to this matter, counsel are available at the Court's convenience.

                                                      Respectfully submitted,

                                                      Lee E. Kaufman

cc:    VIA ELECTRONIC MAIL
        R. Paul Wickes, Esq.
        Mary K. Warren, Esq.
        Michael J. Osnato, Jr., Esq.
        J. Justin Williamson, Esq.
        Marla Rosoff Eskin, Esq.
        Tony Castanares, Esq.
        Stephan M. Ray, Esq.
        Scott H. Yun, Esq.
        Whitman L. Holt, Esq.

RLF1-3252147-1