**RICHARDS, LAYTON & FINGER**
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

STEVEN J. FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF.COM

March 19, 2008

**BY ELECTRONIC FILING AND**
**VIA HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:   **OHC Liquidation Trust v. Credit Suisse, et al. (In re Oakwood Homes Corp.), C.A. No. 07-799-JJF**

Dear Judge Farnan:

I write on behalf of all parties to the above-referenced action to seek clarification from the Court with respect to briefing on Defendants' motion for summary judgment.

On February 29, 2008, Defendants filed a motion for partial summary judgment and an opening brief contemporaneously therewith in conformity with Local Rules 7.1.2 and 7.1.3. Defendants anticipated that Plaintiff would file an answering brief pursuant to Local Rules 7.1.2 and 7.1.3. However, Plaintiff understood that, in lieu of an answering brief, it was required to file a counter-statement certifying that genuine issues of material fact exist pursuant to this Court's Summary Judgment Procedure Order (the "Order"). On March 13, 2008, Plaintiff filed such a counter-statement, which contained its certification of the genuine issues of material fact (together with selected record citations) that Plaintiff believes exist.

After conferring, Plaintiff and Defendants have reached an impasse. Defendants believe that this Court's Order requiring a counter-statement is intended for use only in patent cases, is not applicable to the present non-patent proceeding and should not be utilized here. Conversely, Plaintiff believes that the Court has not limited the application of the Order to patent cases, that the Order is applicable in this case, and that the Order's procedures should be utilized here.

The parties respectfully request the Court's guidance as to whether Plaintiff should file an answering brief, or whether Defendants should file a response to Plaintiff's counter-statement. In order to resolve this dispute fairly, and subject to Court approval, the parties have agreed that (i) should the Court require Plaintiff to file an answering brief, Plaintiff may utilize the full ten business days afforded under Local Rule 7.1.2(b) from the date of the Court's ruling; and (ii)

RLF1-3263338-3

The Honorable Joseph J. Farnan, Jr.
March 19, 2008
Page 2

should the Court require Defendants to file a response to Plaintiff's counter-statement, Defendants may take five business days after the Court's ruling to file such a response.

If Your Honor should have any questions or concerns, counsel remains available at the Court's convenience.

Respectfully,

Steven J. Fineman (#4025)

SJF/lll

cc:   VIA ELECTRONIC MAIL
      R. Paul Wickes, Esquire
      Mary K. Warren, Esquire
      Michael J. Osnato, Jr., Esquire
      J. Justin Williamson, Esquire
      Marla Rosoff Eskin, Esquire
      Tony Castanares, Esquire
      Stephan M. Ray, Esquire
      Scott H. Yun, Esquire
      Whitman L. Holt, Esquire

RLF1-3263338-3