IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Oakwood Homes Corporation, et al., | ) | Case No. 02-13396 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| OHC Liquidation Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0799 (JJF) |
| | ) | |
| Credit Suisse (f/k/a Credit Suisse First Boston, a Swiss banking corporation), Credit Suisse Securities (USA), LLC (f/k/a Credit Suisse First Boston LLC), Credit Suisse Holdings (USA), Inc. (f/k/a Credit Suisse First Boston, Inc.), and Credit Suisse (USA), Inc. (f/k/a Credit Suisse First Boston (U.S.A.), Inc.), the subsidiaries and affiliates of each, and Does 1 through 100, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**STATEMENT REGARDING THE LODGING OF A DRAFT PRETRIAL ORDER**

Tony Castañares (CA SBN 47564)          -&-          Marla Rosoff Eskin (No. 2989)
Stephan M. Ray (CA SBN 89853)                         Kathleen Campbell Davis (No. 4229)
Scott H. Yun (CA SBN 185190)                          Kenneth L. Dorsney (No. 3726)
Whitman L. Holt (CA SBN 238198)                       CAMPBELL & LEVINE, LLC
STUTMAN, TREISTER & GLATT, P.C.                       800 N. King Street, Suite 300
1901 Avenue of the Stars, 12th Floor                  Wilmington, DE 19801
Los Angeles, CA 90067                                 (302) 426-1900
(310) 228-5600

*Special Counsel for the OHC Liquidation Trust*

Dated: June 9, 2008

## INTRODUCTION

This case is set for trial next week, and at hearings on both January 22 and May 21, as well as in an April 29 Order (D.I. #80), the Court made clear that the June 17 trial date is a firm one.  While the Court now has Defendants' Motion for Partial Summary Judgment under submission, that motion is only partial, meaning that even if the Court were to grant it in full, numerous issues would remain for trial.  The Court vacated the previous pretrial conference date, and has not set a new one.

Even if the June 17 trial date were regarded as the pretrial conference date for purpose of the parties' pretrial obligations under the Local Rules, tomorrow, June 10, is the due date for the pretrial order.  Plaintiff has made repeated efforts to get Defendants to cooperate in continuing the pretrial process, but Defendants have declined to respond at all to these efforts.  Thus Plaintiff finds itself in a quandary, and believes that the better course at this point is to use its best efforts to put something before the Court which, although not blessed with a signature by Defendants, represents Plaintiff's best understanding of the parties' pretrial positions based on earlier drafts and discussions.  We lodged that draft pretrial order with the Court today, in order to allow Defendants the chance to renew their participation prior to tomorrow's due date.

## RELEVANT BACKGROUND FACTS

As matters stand, a jury trial is scheduled to commence in the above-captioned matter on Tuesday, June 17, 2008 at 9:30 a.m.[1]  At a January 22, 2008 hearing in this case, the Court made clear that June 17 is "a firm date" which "won't go away."[2]  Similarly, following the recent oral argument regarding Defendants' pending Motion for Partial Summary Judgment,

---

[1]  *See* D.I. #24 at p. 2 ¶ 2.
[2]  *See* Jan. 22, 2008 Hr'g Tr. at 19:23 – 20:1.

1

defense counsel asked the Court about the June 17 trial date, and the Court plainly instructed that the parties were to "hold that June 17th trial date."[3]

Following the January 22, 2008 hearing, the Court set May 8, 2008 as the date for a pretrial conference in the case. Consistent with this schedule, the parties worked extensively during March and April 2008 to prepare a draft pretrial order, evidentiary schedules, jury instructions, and related documents in anticipation of that pretrial conference. On April 25, 2008, Plaintiff's counsel sent Defendants' counsel Plaintiff's "turn" of the draft pretrial order and several related schedules (the "April 25 Draft"). Defendants have never provided Plaintiff with a revised draft of the pretrial order or related schedules subsequent to the April 25 Draft.

Via an Order entered on April 29, 2008 (D.I. #80), the Court expressly held the June 17 trial date but cancelled the May 8 pretrial conference in order to allow for further briefing on Defendants' Motion for Partial Summary Judgment. On April 30, 2008, Plaintiff's counsel wrote Defendants' counsel to address several open pretrial questions and to determine, *inter alia*, whether the Defendants would be willing to continue working on the draft pretrial order and related documents notwithstanding the May 8 pretrial conference's cancellation. Via e-mails between counsel, it became clear that Defendants would need to complete the next "turn" of the documents. Defendants, however, never completed that "turn."

The parties appeared before this Court on May 21, 2008 for oral argument regarding Defendants' Motion for Partial Summary Judgment, after which hearing the Court took Defendants' motion under submission. The morning after the following holiday weekend, Plaintiff's counsel sent Defendants' counsel an e-mail to request that the parties continue the pretrial process while the motion was pending. Specifically, Plaintiff's counsel wrote:

---

[3]   *See* May 21, 2008 Hr'g Tr. at 108:13-22.

> Paul [Wickes]--As we await a ruling, do you think it makes sense to continue with the PTO and jury instruction process so we won't be up against it if he sets a quick PTC? If so, we await your turn on each of these. What are your thoughts, please? Regards, Tony [Castañares].

Defendants chose not even to respond to Plaintiff's request, let alone to provide a reason for refusing to participate, thereby twice demonstrating their unwillingness to finish the pretrial documents so that timely pretrial procedures could be implemented for the trial that is to proceed on June 17. Indeed, neither Mr. Wickes nor any other counsel for Defendants responded to Plaintiff's May 27 e-mail, circulated revised drafts of the pretrial documents, communicated with Plaintiff or its counsel in any manner, or otherwise took any step to advance the pretrial process.

## **CONCLUSION**

The parties are now a mere week from trial, but Defendants refuse to participate in a collaborative process to finalize a joint pretrial order. In such circumstances, Plaintiff believes that the Local Rules obligate Plaintiff to make its best, good faith efforts to lodge a document that reasonably represents the respective positions of the parties, at least as Plaintiff understands them. Accordingly, Plaintiff today lodged a slightly modified version of the April 25 Draft of the pretrial order and related schedules.[4] The draft assumes that the parties will be going to trial on all claims, even though Plaintiff recognizes that the Defendants' motion for summary judgment on *some* of those claims remains under submission. While obviously neither complete nor final, Plaintiff submits that the lodged documents should nevertheless help the

---

[4] With respect to the pretrial order itself, Plaintiff undertook to add certain material that Plaintiff had left uncompleted in the April 25 Draft. These changes, which are the only substantive changes made to the document, are reflected in footnote 1 and paragraphs 179, 183, and 201. Similarly, Plaintiff made a handful of additions to its evidentiary charts and added its objections to Defendants' proposed trial exhibits (reflected on Exhibit "B" to the draft pretrial order). With these few exceptions, all of the pretrial documents should be substantively identical to those circulated by Plaintiff's counsel to Defendants' counsel via e-mail on April 25, 2008.

Court as it prepares for the June 17 jury trial, particularly in terms of defining open issues and remaining areas of disagreement between the parties, since it appears that if the Court desires to implement usual pretrial procedures at all, the process will occur very near the trial. Moreover, to the extent that Defendants disagree or otherwise wish to reengage in the pretrial process, Plaintiff has lodged the modified April 25 Draft prior to what would most likely be the due date under the Local Rules, which affords Defendants a final opportunity to participate prior to the start of trial.

Respectfully submitted,

Dated: June 9, 2008
Wilmington, Delaware

/s/ *Marla Rosoff Eskin*
MARLA ROSOFF ESKIN (No. 2989)
KATHLEEN CAMPBELL DAVIS (No. 4229)
KENNETH L. DORSNEY (No. 3726)
CAMPBELL & LEVINE, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

 -and-

TONY CASTAÑARES (CA SBN 47564)
STEPHAN M. RAY (CA SBN 89853)
SCOTT H. YUN (CA SBN 185190)
WHITMAN L. HOLT (CA SBN 238198)
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
(310) 228-5600

Special Counsel for the OHC Liquidation Trust

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Oakwood Homes Corporation, et al., ) | Case No. 02-13396 (PJW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ──────────────────────────────── ) | |
| OHC Liquidation Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0799 (JJF) |
| ) | |
| Credit Suisse (f/k/a Credit Suisse First Boston, a ) | |
| Swiss banking corporation), Credit Suisse ) | |
| Securities (USA), LLC (f/k/a Credit Suisse First ) | |
| Boston LLC), Credit Suisse Holdings (USA), Inc. ) | |
| (f/k/a Credit Suisse First Boston, Inc.), and Credit ) | |
| Suisse (USA), Inc. (f/k/a Credit Suisse First Boston ) | |
| (U.S.A.), Inc.), the subsidiaries and affiliates of ) | |
| each, and Does 1 through 100, ) | |
| ) | |
| Defendants. ) | |
| ──────────────────────────────── ) | |

## **CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, of Campbell & Levine, LLC, hereby certify that on June 9, 2008, I caused a copy of the *Statement Regarding the Lodging of a Draft Pretrial Order*, to be served upon the individuals on the attached service list, via the manner indicated.

| | |
|---|---|
| Lee E. Kaufman, Esq.<br>Russell C. Silberglied, Esq.<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>**VIA HAND DELIVERY** | Mary K. Warren, Esq.<br>Michael Osnato, Esq.<br>J. Justin Williamson, Esq.<br>Paul R. Wickes, Esq.<br>Linklaters<br>1345 Avenue of the Americas<br>Nineteenth Floor<br>New York, NY 10105<br>**VIA FEDERAL EXPRESS** |

{D0113455.1 }

                          CAMPBELL & LEVINE, LLC

                          */s/ Kenneth L. Dorsney*
                          Kenneth L. Dorsney (No. 3726)
                          800 N. King Street
                          Suite 300
                          Wilmington, DE  19801
Dated: June 9, 2008            (302) 426-1900

{D0113455.1 }